BRESLOW v. SOUTHERN TIER MASONIC RELIEF ASS'N.

(Supreme Court, Appellate Division, Fourth Department.   July 6, 1905.)

1. BENEFICIAL ASSOCIATIONS—AMENDMENT OF BY-LAWS—SURRENDER OF OLD
   CERTIFICATES.
   A member of a beneficial association, who, after the amendment of the
   by-laws in force at the time he joined, surrendered his original certificate
   and accepted a new one, thereby submitted to the amended by-laws then
   in force.

2. SAME—ACTIONS ON CERTIFICATE—AMOUNT OF RECOVERY.
   The by-laws of a beneficial association divided the members into classes,
   and provided, with respect to one class, that the beneficiaries of the mem-
   bers thereof should be paid the sum named in the certificate, of such part
   thereof as would be realized by one assessment of the members of that
   class.   The amount of such assessment varied according to the ages of
   the members and the sums named in their certificates.   Subsequently the
   by-laws were amended by abolishing the classes, and a uniform rate of
   assessment and dues was provided for all members, and the sum to be
   paid upon the death of any member was the same as that formerly paid
   upon the death of a member of the class in question.   Later the by-laws
   were again amended so as to provide for a uniform rate of monthly as-
   sessment, and for the ascertainment of benefit funds on the basis of a pro
   rata division of the net proceeds of assessments made for a stipulated
   time.   Held that, whether the subsequent by-laws could rightly affect the
   original contract of a member of the class in question or not, yet, the
   classes having been abolished, and there being no way to ascertain how
   much the beneficiary would be entitled to under the original contract, the
   beneficiary could only recover the amount due under the amended by-laws.
   Spring, J., dissenting.

Appeal from Trial Term, Jefferson County.

Action by Sarah Breslow against the Southern Tier Masonic Re-
lief Association.   From a judgment for plaintiff, defendant appeals.
Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
HISCOCK, and STOVER, JJ.

Reynolds, Stanchfield & Collin, for appellant.
Brown, Carlisle & Hugo, for respondent.

WILLIAMS, J.   The judgment should be reversed on questions
of law, and a new trial granted, with costs to the appellant to abide
event.

The action was brought to recover upon a certificate of member-
ship issued by defendant to Simon Breslow, in which the plaintiff,
his wife, was named as the beneficiary.   The certificate was for
$2,000, and the controversy between the parties is as to the amount
of the recovery—whether it should be $432.16 and interest, or $1,-
558 and interest.   This question involves the right of the defend-
ant to change its by-laws after the issue of the certificate.   A cer-
tificate was originally issued to Breslow October 13, 1879.   The
by-laws then in force had been adopted December 9, 1878.   These
by-laws were amended January 11, 1884, and thereafter, and April
7, 1884, Breslow surrendered his original certificate, and took a
new one in place thereof.   We are not, therefore, interested in the

by-laws of 1878, or the original certificate issued to Breslow there-under. When he took his new certificate under the amended by-laws of 1884, he submitted to the by-laws as they then existed. This action is brought to recover on the certificate of 1884, and no reference is made in the complaint to the by-laws of 1878, or the certificate of 1879 issued thereunder. Under the by-laws of 1884, there were three classes of members—first, second, and A. Different terms of admission were provided for each class, different methods and amounts of assessments and dues, and different sums as benefits. Upon the death of a member of the first class, the sum to be paid was $1 for each member of that class, not exceeding $2,000. Upon the death of a member of the second class, the sum to be paid was $1 for each member of that class, and, if the member belonged to both the first and second classes, the sum to be paid was $1 for each member of both classes, not to exceed $3,000. Upon the death of a member of Class A, the sum to be paid was the sum named in the certificate, or the part thereof that would be realized by one assessment of the members of Class A. The amount of such assessment varied according to the ages of the members and the sums named in their certificates, respectively. It was not $1 for each member. Breslow was a member of Class A. It is impossible to say what the plaintiff would be entitled to, under the by-laws then existing, because the classes were abolished some years prior to Breslow's death; and it cannot be determined how many members there were of that class, or what amount an assessment of such members would realize. January 11, 1886, the by-laws were amended by abolishing the classes. A uniform rate of assessment and dues of all the members was provided for, and the sum to be paid upon the death of any member was the same as that paid upon the death of a member of Class A under the by-laws of 1884. January 11, 1892, the by-laws were again amended, so as to do away with dues, and provide for a uniform rate of monthly assessment, differing from those of the by-laws of 1884 and 1886. Upon the death of any member, the amount to be paid to his beneficiary was ascertained as follows: At the expiration of each two months, the assessments for such months (after deducting the necessary running expenses of the association) were to be divided pro rata per $1,000 of insurance of those dying during these months, and that was the full amount payable on the certificates; the amount so payable in no event to exceed the amount named in the certificate. The board of directors might order the payment of one or more death claims from the surplus fund whenever, in their judgment, such fund would warrant it. Under these by-laws the amount was made up by defendant here, viz.: Breslow's death occurred April 18, 1903. The two assessments for March and April, 1903, amounted to $2,514.66 and $2,564.67; total, $5,079.33. The expenses for the two months were $758.18 and $851.74; total, $1,-609.92; and, deducting this from the assessments for the two months, there was a net amount for distribution of $3,469.41. During the two months eight members died, their certificates aggregating $16,000. Each $1,000 of insurance was therefore entitled to

$216.08, and plaintiff's $2,000 was entitled to $432.16. (There seems to be a slight mistake in these figures. They should be $216.81 and $433.62. But we leave them as the defendant has stated them.)

The judgment, as awarded, was evidently based upon the theory that the plaintiff was entitled to have an assessment made for her benefit of $1 upon each member of the association at the time of Breslow's death, which would amount to $1,558. Such right might exist under the by-laws of 1878, though it is doubtful if the assessment under those by-laws would not be confined to the members of the first class, to which alone Breslow belonged. But Breslow surrendered all rights under those by-laws when he gave up his original certificate, and took the certificate of 1884, upon which this action was brought. The by-laws of 1884 were then in force, and the most the plaintiff can claim here is that she is entitled to recover what those by-laws would give her. By that certificate Breslow was placed in Class A. The assessments for that class were not $1 for each member. They were variable—dependent upon the ages of the various members, and the sums named in their respective certificates. There was a table of rates annexed to section 52, a reference to which shows that the assessments ranged from 13 cents to $5.60, and they were confined to the members of that class, and were not upon all the members of the association.

Counsel for plaintiff, in their brief, quote section 37 of the by-laws of 1884, as applicable to Breslow. This is an error. The application and certificate both make him a member of Class A, and as to that class section 54 applies, and not section 37.

It is impossible to see how, under the by-laws of 1884, the judgment appealed from can be sustained; and it is not apparent, in view of the abolishing of the classes by the amendment of 1886, and the change of the method of the assessment, and the manner of arriving at the amount to which a beneficiary is entitled at the death of a member, how it can be determined, from any evidence in the record, or facts found by the court, what plaintiff would be entitled to under the by-laws of 1884, or whether the amount would be greater or less than under the by-laws of 1892—$432.16. Further amendments were made November 20, 1892, and March 20, 1893, but they excepted all certificates issued prior to November 1, 1892, and left them subject to the laws as they existed prior to the adoption of such amendments. The amendments of 1886 and January, 1892, made radical changes as to the amounts required to be paid by members during their lives for assessments and dues; and the sums to which their beneficiaries were entitled after their deaths. The amounts Breslow was required to pay were increased from time to time under the various amendments, and he paid whatever was required of him, and was a member in good standing when he died.

Many questions of fact and of law are discussed by counsel, bearing upon the question of the validity of the amendments to the by-laws subsequent to 1884, so far as they affected Breslow and his beneficiary, the plaintiff. We do not deem it necessary to discuss or decide those questions.

The judgment appealed from was founded upon an erroneous basis—the right to recover an amount equal to an assessment of $1 upon each member of the association living at the time of Breslow's death. More than this, there is no basis in the evidence or the findings of fact by the court for fixing any amount due the beneficiary under the by-laws of 1884, and therefore no judgment could be awarded in excess of the $432.16 conceded by the defendant.

The judgment should therefore be reversed, and a new trial granted, as before suggested.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event, upon questions of law only; the facts having been examined, and no error found therein. All concur, except SPRING, J., who dissents.